# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BROOKE ETZEL,

                        **Plaintiff,**

-vs-                                              Case No. 6:10-cv-131-Orl-31GJK

BRINKER INTERNATIONAL PAYROLL
COMPANY, L.P.,

                        **Defendant.**

## REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **FIRST AMENDED JOINT RENEWED MOTION TO APPROVE FLSA SETTLEMENT AND DISMISS WITH PREJUDICE (Doc. No. 34)** |
| **FILED:** | **January 4, 2012** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On November 18, 2011, Plaintiff and Defendant jointly moved the Court to approve their settlement agreement (the "Agreement") pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice. Doc. No. 30. Under the Agreement, the parties agree to settle Plaintiffs' claims for $14,076.94 in exchange for a release of all claims, distributed as follows: $8,989.70 to Plaintiff's attorney, Barbas, Nunez, Sanders, Butler & Hovsepian; $2,387.24 to

Plaintiff's attorney, Shellist, Lazarz, Slobin, LLP; $1,350.00 to Plaintiff for unpaid wages; and $1,350.00 to Plaintiff for liquidated damages. Doc. No. 30-1 at 1-2. The Court denied the motion because the parties did not provide this Court with any information to determine whether the compromise amount Plaintiff agreed to is fair. Doc. No. 31. The Court also denied the motion because the parties did not provide any information by which this Court could determine whether the sums being paid to Plaintiff's counsel, $8,989.70 to Barbas, Nunez, Sanders, Butler & Hovsepian and $2,387.24 to Shellist, Lazarz, Slobin, LLP, is reasonable under the lodestar method. Doc. No. 31.

On December 12, 2011, the parties renewed their motion to approve their Agreement and dismiss the case with prejudice. Doc. No. 32. In their renewed motion, the parties set forth reasons why Plaintiff compromised her claim and attached an affidavit from Plaintiff's counsel, Steven E. Hovsepian, Esq., along with detailed time sheets supporting the reasonableness of the attorney's fees being paid to Barbas, Nunez, Sanders, Butler & Hovsepian. Doc. No. 32-2. However, Plaintiff did not provide an affidavit and detailed time sheets supporting the reasonableness of the payment of $2,387.24 in attorney's fees to Shellist, Lazarz, Slobin, LLP. Consequently, the Court denied the renewed motion. Doc. No. 33.

On January 4, 2012, the parties once again renewed their motion to approve their Agreement (hereafter "Motion"). Doc. No. 34. In the Motion, the parties indicate there was no collusion behind the Agreement. Doc. No. 34 at 2. The parties represent that they conducted extensive discovery, after Plaintiff filed her court interrogatories, that resulted in Plaintiff reducing the "estimated total hours relevant to the asserted tip pool violations." Doc. No. 34 at 3 n.1. The parties indicate the suit involved "complex legal issues of first impression" (Doc. No.

2

34 at 2, ¶ 5), and that similar cases have resulted in the plaintiff sometimes recovering nothing. Doc. No. 34 at 3. "Against this backdrop, Plaintiff's counsel was able to negotiate a reasonable settlement for the Plaintiff . . . that secured her entire damages, half of her liquidated damages, plus a reasonable amount of attorney's fees, which did not diminish Plaintiff's award." Doc. No. 34 at 3. Attached to the Motion are affidavits and detailed time sheets supporting the attorney's fees to be awarded to Plaintiff's counsel. Doc. No. 34.

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id*. *See also Sammons v. Sonic-North Cadillac, Inc.*, 2007 WL 2298032 at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Foods* because it lacked Court approval or supervision by Secretary of Labor). Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a

reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id*. at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")). In *Silva*, 307 F. App'x. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

> reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F. Supp. 2d 1259 (M.D.Fla.2008).

*Id.*[2] In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[3] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorneys' fees and costs.[4] It is the Court's responsibility to ensure that any such allocation is reasonable. *See Silva*, 307 F. App'x. at 351-52. In doing so, the Court uses the lodestar method for guidance. *See Comstock v. Fla. Metal Recycling, LLC*, Case No. 08-81190-CIV, 2009 WL 1586604 at *2 (S.D. Fla. June 5, 2009). As the Court interprets the *Lynn's Foods* and *Silva*

---

[2] In the Eleventh Circuit, unpublished cases are not binding, but are persuasive authority.

[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his/her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorneys' fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorneys' fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

This case involved a disputed issue of unpaid wages under the FLSA, which constitutes a bona fide dispute. *See* Doc. Nos. 1, 7. The parties were represented by independent counsel who are obligated to vigorously represent their clients. *See* Doc. Nos. 1, 7. The parties agreed to settle Plaintiffs' claims for $14,076.94 in exchange for a release of all claims, distributed as follows: $8,989.70 to Plaintiff's attorney, Barbas, Nunez, Sanders, Butler & Hovsepian; $2,387.24 to Plaintiff's attorney, Shellist, Lazarz, Slobin, LLP; $1,350.00 to Plaintiff for unpaid wages; and $1,350.00 to Plaintiff for liquidated damages. Doc. No. 34-1 at 3.

Under the Agreement, Plaintiff is receiving $2,700.00 in unpaid wages and liquidated damages. Doc. No. 34-1 at 3. In her answers to the Court's interrogatories, Plaintiff states her damages total $6,134.40. Doc. No. 15 at 3. Thus, Plaintiff has compromised her claim and the Court must scrutinize the Agreement for fairness. In light of the parties' representations in the Motion, it is **RECOMMENDED** that the Court find the amount Plaintiff agrees to settle her claim to be fair and reasonable.

Plaintiff's counsel, Steven E. Hovsepian and Todd Slobin, filed affidavits and detailed time sheets to support the attorney's fees being awarded to them under the Agreement, as set forth below:

| Attorney | Hours Expended | Hourly Rate | Fees |
|---|---|---|---|
| Steven E. Hovsepian | 46.4 | $193.74[5] | $8,989.70 |
| Todd Slobin | 9.6 | $250.00 | $2,387.24 |
| **TOTAL** | **56** | | **$11,376.94** |

Doc. Nos. 34-2, 34-3. After reviewing their affidavits and time sheets, it is **RECOMMENDED** that the Court find the hours expended, hourly rates and total fees to be reasonable.

**THEREON**, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 34) be **GRANTED** only to the extent that the Court finds the parties' settlement is fair and reasonable; and

2. The Court enter an order dismissing the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **In order to expedite the final disposition of this case, if the parties have no objection to this Report and Recommendation they may promptly file a joint notice of no objection**.

**RECOMMENDED** in Orlando, Florida on January 10, 2012.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Court Judge
Counsel of Record
Unrepresented Parties

---

[5] Mr. Hovsepian does not indicate what hourly rate he charged Plaintiff. However, dividing the hours expended by the fees he is seeking yields an hourly rate of $193.74 ($8,989.70/46.4).